UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARREN O'NEAL HICKS,

    Petitioner,

v.                                                      CASE NO. 6:07-cv-33-Orl-31DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondents.

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7). Petitioner filed a reply to the response (Doc. No. 10).

Petitioner alleges four claims for relief in his petition. As discussed below, the Court finds that the habeas petition is untimely and must be dismissed.

*I.    Procedural History*

Petitioner was charged by information with one count of capital sexual battery (count one), two counts of lewd or lascivious molestation (counts two and four), and one count of lewd or lascivious exhibition (count three). A jury trial was conducted, and Petitioner was found guilty of counts three and four and not guilty of count two. The state trial court granted a motion for judgment of acquittal as to the capital sexual battery

charge. Petitioner was sentenced to ninety-nine months of imprisonment for each count to run concurrently, followed by one year of sex offender probation. Petitioner appealed, and the Fifth District Court of Appeal of Florida *per curiam* affirmed on November 19, 2002.

On or about May 20, 2004,[1] Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. Petitioner filed an amended Rule 3.850 motion on July 27, 2004.[2] The state trial court denied the motion on July 20, 2005. On December 14, 2005, Petitioner filed a petition seeking a belated appeal, which was denied on February 8, 2006.

On March 23, 2006, Petitioner filed a "motion for reinstatement and/or refile original motion for post-conviction (rule 3.850) relief," which the state trial court deemed to be a successive motion and denied relief on April 24, 2006. Petitioner appealed, and the appellate court *per curiam* affirmed on October 3, 2006. Mandate issued October 20, 2006.

On May 2, 2006, Petitioner filed a petition for writ of certiorari with the Fifth District Court of Appeal, which dismissed the petition on September 25, 2006.

---

[1]Respondents were unable to locate Petitioner's initial Rule 3.850 motion. Therefore, Respondents estimate that May 20, 2004, is the date on which the initial motion was filed. The state trial court indicated in the order denying Petitioner's Rule 3.850 motion that it was filed on May 25, 2004. *See* App. K at 1. Furthermore, Petitioner stated that he filed his initial Rule 3.850 motion on May 25, 2004. *See* Doc. No. 10 at 6.

[2]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

II.   *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the appellate court entered its order of affirmance on direct appeal on November 19, 2002. Petitioner then had ninety days, or through February 17, 2003, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13. Thus, under § 2244(d)(1)(A), the judgment of conviction became final on February 17, 2003, and Petitioner had through February 17, 2004, absent any tolling, to file a federal habeas

corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one year period of limitation does not begin to run until the ninety day period for filing a petition for certiorari with the United States Supreme Court has expired). Under the mailbox rule, the instant petition was not filed until January 3, 2007. Because the one-year period of limitation ran on February 17, 2004, Petitioner's habeas corpus petition was not timely filed and must be denied.

The Court is aware that Petitioner filed a Rule 3.850 motion and a state habeas petition. However, because the one-year period concluded before Petitioner initiated those actions, the tolling provision of section 2244(d)(2) does not apply to the state collateral proceedings. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000).

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 8th day of August, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 8/8
Darren O'Neal Hicks
Counsel of Record